# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2019

Lyle W. Cayce
Clerk

STEVEN CREAR, SR.,

      Plaintiff - Appellant

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in Interest to Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Sterns Asset Backed Securities I, L.L.C., Asset Backed Certificates, Series2005,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2679

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:*

      This is the fourth suit Steven Crear filed arising out of defendant, U.S. Bank's efforts to enforce its rights under a note and deed of trust on plaintiff's residence.  U.S. Bank is the assignee of these instruments.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11241

The district court dismissed the suit as barred by res judicata, reasoning that the claim asserted in this suit should have been raised in the third suit that was dismissed earlier.

The district court had diversity jurisdiction over the earlier suit and this suit. The claim asserted in this suit is based on the same nucleus of operative facts as the claim asserted in the third suit. All elements for the application of res judicata are present.[1]

For these reasons and the careful reasons advanced by the magistrate judge on August 7, 2018 and those of the district judge on August 23, 2018, the judgment appealed from is AFFIRMED.

---

[1] A claim is barred by res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).